**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION**

| | |
|---|---|
| Adem Arslani,<br>*Plaintiff*,<br>*v.*<br>Microsoft Corporation et al,<br>*Defendants*. | Case No. 3:26-cv-50106<br>Honorable Michael F. Iasparro |
| Adem Arslani,<br>*Plaintiff*,<br>*v.*<br>Abridge AI, Inc. et al,<br>*Defendants*. | Case No. 3:26-cv-50118<br>Honorable Michael F. Iasparro |

**ORDER**

For the reasons stated below, Defendants' request to stay discovery is denied. A case management order will enter separately.

**Background**

Plaintiff Adem Arslani has brought a suit against Microsoft Corporation, Nuance Communications, Inc., and Deliverhealth Solutions, LLC (Case No. 3:26-cv-50106), alleging misappropriation of trade secrets, fraudulent inducement, civil conspiracy, and unjust enrichment, and seeking damages as well as declaratory and injunctive relief ("Case One"). Plaintiff has also brought a suit against Abridge AI, Inc. and Paul Ricci (Case No. 3:26-cv-50118), alleging misappropriation of trade secrets and unjust enrichment, and seeking damages as well as declaratory and injunctive relief ("Case Two"). In both cases, Defendants have moved to dismiss Plaintiff's complaints and seek to stay discovery pending resolution of those motions. The motions to dismiss are being briefed and will be decided by the district court. This Court now considers Defendants' request to stay discovery.

**Discussion**

"There is no requirement that discovery cease during the pendency of a motion to dismiss." *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill Sep. 2, 2020). "The party seeking a stay of discovery bears the burden of showing that good

cause exists to stay discovery." *Maxwell v. Michael*, No. 1:24-cv-01365-JRS-TAB, 2025 WL 4698283, at *2 (S.D. Ind. Dec. 2, 2025). To determine whether there is good cause, the Court will "consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Calderon v. Procter & Gamble Co.*, No. 22-cv-3326, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022). In consideration of these factors, the Court finds the Defendants have not shown there to be good cause for a stay of discovery.

Defendants argue that Plaintiff would not be prejudiced by this stay because no discovery is needed to proceed on the motion to dismiss and that "Plaintiff identifies only generalized concerns" of prejudice. *Case One*, Dkt. 35, ¶ 6; Dkt. 36, at 2. "However, it is critical to weigh Defendants' assertion against Plaintiff's argument that []he would be prejudiced." *Harper*, 2020 WL 5230746, at *3. Plaintiff asserts that a stay will prejudice him due to "the degradation of evidence and witness memory." *Case One*, Dkt. 33, at 3. The Court recognizes that this showing of prejudice is certainly thin and provides no particularity but again, it is Defendants' burden to show that a stay is appropriate, not Plaintiff's burden to show it is not.

Defendants also assert that a stay "is likely to simplify the issues in question and streamline the relevant areas for discovery, by potentially dismissing some or all of the claims at issue." *Case One*, Dkt. 35, ¶ 5. But "this is true anytime a dispositive motion is filed" and the Court does not find such an argument persuasive as it "would 'allow the exception to swallow the rule.'" *Harper*, 2020 WL 5230746, at *2 (quoting *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007)). Specifically in these cases, the Court is not persuaded that a stay will "significantly expedite the litigation" but instead that it may "frustrate the expeditious resolution to this litigation." *Id*. The motions in both cases are brought in large part pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Even if successful in some respect, Plaintiff could be afforded leave to amend the complaint(s), perhaps initiating another round of motion to dismiss briefing and further delaying the onset of discovery. *See Shepherd v. Ocwen Loan Servicing*, No. 6:18-cv-2207-Orl-41DCI, 2019 WL 9341385, at *2 (M.D. Fla. Apr. 18, 2019) (finding no good cause for a discovery stay because, even assuming the pending motion to dismiss was granted, plaintiff may be afforded leave to amend her complaint so "the Court is not convinced that the granting of the motion will completely eliminate the need for discovery); *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("the norm remains affording a plaintiff at least one opportunity to amend his complaint"). Moreover, the motions to dismiss in Case One[1] are

[1] Although the motion to dismiss in Case Two does raise a jurisdictional issue, using that as a basis to stay discovery in that case would result in exactly the sort of inconsistent scheduling that Plaintiff, and this Court, are hoping to avoid. *See Harper*, 2020 WL 5230746, at *2 ("Staying discovery as to some, but not all of the Defendants will not operate to simplify this case but may result in the need to duplicate

not ones that "can resolve a threshold issue such as jurisdiction, standing, or qualified immunity." *Calderon*, 2022 WL 20742696, at *2. And in both cases, the Court finds that a stay would do little more than "bring resolution of the dispute to a standstill." *Maxwell*, 2025 WL 4698283, at *2 (quoting *Edon v. PNC Bank*, No. 1:24-cv-02195-TWP-KMB, 2025 WL 1598977, at *1 (S.D. Ind. May 23, 2025)).

Finally, Defendants argue that avoiding the costs of Plaintiff's "very broad scope of discovery" prior to resolution of the motions to dismiss "strongly favors a stay." *Case One*, Dkt. 36, at 3-4. But this case does not appear, at least at this juncture, to be the type of complex case, such as a putative class action (*Calderon*, 2022 WL 20742696), that has such burdensome discovery that a stay of discovery is warranted. *See Coss v. Playtex Products, LLC*, No. 08 C 50222, 2009 WL 1455358, at *3 (N.D. Ill. May 21, 2009) (collecting cases). Moreover, Defendants have failed to show "that specific discovery requests would impose a substantial burden on" them. *Cole*, 2021 WL 1338860, at *2. As in any case proceeding with discovery, the parties will have the ability to raise any disputes over the scope or burden of specific discovery requests with the Court. *See id.* But halting discovery before any such disputes arise is not conducive to speedy litigation. The Court finds that a stay "would ultimately delay the entire case if the [Defendants' motions to dismiss are] denied and would be contrary to the interests of justice." *Cole v. Int'l School of Ind., Inc.*, No. 1:20-cv-3301-TWP-MG, 2021 WL 1338860, at *2 (S.D. Ind. Apr. 9, 2021).

## Conclusion

For all these reasons, and in the Court's "extensive discretion," the Court finds that a stay of discovery is not warranted. *Mirage Wine + Spirit's, Inc. v. Apple Inc.*, No. 3:23-cv-3942-DWD, 2024 WL 4581172, at *3 (S.D. Ill. Oct. 25, 2024). A case management order will enter separately.

Entered: July 28, 2026

By: ______________________________
Michael F. Iasparro
United States Magistrate Judge

depositions, complicate discovery, and frustrate the expeditious resolution to this litigation.").